IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREYSTONE BANK,

        Plaintiff,

v.

EFTHIMIOS EFTHIMIADIS,

        Defendant.

CIVIL ACTION
NO. 11-5210

## OPINION

Slomsky, J.                                                                              August 7, 2014

### I.    BACKGROUND

On or about October 21, 2008, Efthimios Efthimiadis ("Defendant") borrowed funds from Greystone Bank ("Greystone"). (Doc. No. 1 at ¶ 5.) In connection with the loan, Defendant executed a promissory note payable to Greystone in the principal amount of $322,000 (the "Promissory Note"). (Id.) As security for all sums advanced, Defendant also executed and delivered a mortgage to Greystone, granting and conveying a mortgage interest in a commercial property located at 6937 Ludlow Street, Upper Darby, Pennsylvania (the "Property"). (Id. at ¶ 6.) Pursuant to the mortgage, Defendant was required to make monthly payments. In May 2011, Defendant stopped making monthly payments, and on June 22, 2011, Greystone issued a default letter. (Id. at ¶¶ 16-17.)

On August 17, 2011, Greystone filed a Complaint against Defendant in this Court, seeking a judgment in mortgage foreclosure and damages for breach of the Promissory Note. (Id. at ¶¶ 20-27.) On June 14, 2012, Greystone filed a Motion for Summary Judgment. (Doc. No. 17.) Defendant did not respond to the Motion. On January 16, 2013, the Court granted

Summary Judgment in favor of Greystone and against Defendant. (Doc. No. 20.) Then, on January 30, 2013, the Court entered a judgment in mortgage foreclosure in favor of Greystone and against Defendant, in the amount of $452,776.07. (Doc. No. 22.) On November 8, 2013, Greystone purchased the Property at a U.S. Marshal's sale. (Doc. No. 29.)

On May 27, 2014, Greystone filed a Petition to Fix the Fair Market Value of the Property. (Doc. No. 33.) Defendant had seventeen days, or until June 13, 2014, to file a response to the Petition. See E.D. Pa. Local R. Civ. P. 7.1(c) (giving litigants fourteen days to respond to motions); Fed. R. Civ. P. 6(d) (giving respondents an additional three days to oppose a motion). On June 17, 2014, after receiving no response from Defendant, the Court entered an Order, affording Defendant an additional fourteen days to respond to Greystone's Petition. (Doc. No. 34.) Then, on June 24, 2014, the Administrator for Defendant's Estate wrote a letter, advising the Court that Defendant had passed away. (Doc. No. 36.) The Administrator also requested an additional thirty days to respond to Greystone's Petition. (Id.) The Court granted this request and ordered Defendant's Estate to file a response by July 25, 2014. (Doc. No. 35.) As of August 7, 2014, no response has been filed.

## II.     ANALYSIS

In the present Petition, Greystone is seeking to enforce the judgment against Defendant by asking the Court to fix the fair market value of the Property. (Doc. No. 33.) Pursuant to Federal Rule of Civil Procedure 69(a)(1):

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). Rule 69 therefore requires that the money judgment in this case accords with the procedures of Pennsylvania, the state where this Court is located. The Pennsylvania Deficiency Judgment Act ("DJA") states:

> Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered.

42 Pa. Cons. Stat. Ann. § 8103(a). Moreover, the DJA instructs the Court how to proceed when an Answer to a Petition is not filed:

> If no answer is filed within the time prescribed by general rule, or if an answer is filed which does not controvert the allegation of the fair market value of the property as averred in the petition, the court <u>shall</u> determine and fix as the fair market value of the property sold the amount thereof alleged in the petition to be the fair market value.

42 Pa. Cons. Stat. Ann. § 8103(c)(1) (emphasis added).

As outlined above, the Court ordered Defendant's Estate to file an Answer to Greystone's Petition by July 25, 2014. (Doc. No. 35.) As of August 7, 2014, no response has been filed. Therefore, as the DJA requires, the Court "shall determine and fix as the fair market value of the property sold the amount thereof alleged in the petition to be the fair market value." 42 Pa. Cons. Stat. Ann. § 8103(c)(1). In the Petition, Greystone asks this Court to fix the fair market value of the property at $255,000. (Doc. No. 33 at 2.) In support of this request, Greystone submitted a report from The Gessler Group, a certified real estate appraisal firm. (Doc. No. 33-1, Ex. A.) Robert Gessler, the individual appraiser, valued the property at $255,000. (<u>Id.</u>)

### III.   CONCLUSION

Defendant's Estate has not opposed the Petition, and therefore, pursuant to the DJA, the Court will grant Greystone's request to fix the fair market value of the Property at $255,000. An appropriate Order will follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREYSTONE BANK,<br><br>    Plaintiff,<br><br>v.<br><br>EFTHIMIOS EFTHIMIADIS,<br><br>    Defendant. | CIVIL ACTION<br>NO. 11-5210 |

# ORDER

**AND NOW**, this 7th day of August 2014, upon consideration of Plaintiff's Petition to Fix the Fair Market Value (Doc. No. 33), and in accordance with the Opinion of the Court issued this day, it is **ORDERED** as follows:

1. Plaintiff's Petition to Fix the Fair Market Value (Doc. No. 33) is **GRANTED**.

2. Fair Market Value for the real property located at 6937 Ludlow Street, Upper Darby, Pennsylvania is set at $255,000.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.